NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REMMY MAYANJA SEMAKULA,                :
                                       :
                Petitioner,            :        Civil Action
                                       :        06-5215 (PGS)
        v.                             :
                                       :        O P I N I O N
MICHAEL CHERTOFF, et al.,              :
                                       :
                RespondentS.           :
                                       :

APPEARANCES:

        REMMY MAYANJA SEMAKULA, Petitioner pro se
        Id.# 112825
        Adult Correction Center
        P.O. Box 266
        New Brunswick, New Jersey  08903

Sheridan, District Judge

        On October 31, 2006, Petitioner REMMY MAYANJA SEMAKULA

(hereinafter "Petitioner"), a native of Uganda who entered the

United States as a student in January of 1990, filed the instant

Petition for a Writ of Habeas Corpus (hereinafter "Petition"),

pursuant to 28 U.S.C. § 2241, challenging his detention by the

Department of Homeland Security (hereinafter "DHS") at New

Brunswick Adult Correctional Center in New Jersey.[1]  See Pet. ¶ 8.

---

[1]

        The Homeland Security Act of 2002, 6 U.S.C. §§ 101-557, P.L.
107-296, 116 Stat. 2135 (Nov. 25, 2002), created the Bureau of
Citizenship and Immigration Services ("BCIS") within the Department

According to the Petition,

> Petitioner applied from [a]sylum[,] and an Immigration
> [J]udge [ordered] Petitioner voluntary departure on
> October 26, 2005[. Petitioner then] filed an appeal of
> the [immigration judge] decision [with] the Board of
> Immigration Appeals . . . on 12/02/05.[2]

Pet. ¶ 10.

Petitioner expressly acknowledges that, since "Petitioner's

appeal is still pending with the [B]oard of Immigration [A]ppeals,

[Petitioner's] final order of . . . removal has not been entered."

Id. ¶ 16; see also ¶¶ 10, 18. Consequently, in view of

Petitioner's potential removal, "Petitioner was taken into custody

by ICE on May 27, 2006." Id. ¶ 12. Petitioner, however, asserts

that, "[b]ecause there is no significant likelihood of

[Petitioner's] removal in the reasonabl[y] foreseeable future, . .

. [P]etitioner must be released immediately," id. ¶ 20, and

maintains that his detention violates the Due Process Clause of the

Fifth Amendment. Id. ¶ 22. Having thoroughly examined the

Petition, this Court dismisses the Petition without prejudice.[3]

---

of Homeland Security. See 6 U.S.C. § 271(a). The Act transferred
the functions of the Commissioner of the Immigration and
Naturalization Service ("INS") to the Director of BCIS, see 6
U.S.C. § 271(b), and abolished INS. See 6 U.S.C. § 291.
Accordingly, DHS replaced INS on March 1, 2003.

[2]

Petitioner asserts that '[t]he immigration judge ordered
Petitioner to post $1,000 bond . . . . and Petitioner complied."

[3]

This Court notes that Petitioner is free to file another §
2241 petition should, after expiration of Petitioner presumptively
reasonable *post-removal-order period*, Petitioner develop good

## JURISDICTION

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody could be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the instant Petition under § 2241 because Petitioner was detained within its jurisdiction at the time he filed his Petition and he asserts that his detention is not statutorily authorized and violates his constitutional rights. See Zadvydas v. Davis, 533 U.S. 678, 699 (2001).

## DISCUSSION

The Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary or permanent. See Zadvydas, 533 U.S. at 699. That given, a detention of an alien does not necessarily violate that alien's constitutional rights.

---

evidence-based reason to believe that his removal is no longer reasonably foreseeable.

Detentions related to removal proceedings are governed by statutory mandate of 8 U.S.C. § 1226. The scheme set forth by 8 U.S.C. § 1226 envisions a number of different scenarios that could be broadly subdivided into two categories: (1) pre-removal-order detentions; and (2) post-removal-order ones.

The cut-off point distinguishing the two categories is the beginning of the "removal period" which starts on the latest of the following: (1) the date when the order of removal becomes administratively final, that is, petitioner's appeal is denied by the BIA or petitioner's time to file such appeal elapses; (2) the date when a court's order staying the removal becomes final; or (3) the date when the petitioner is released from the underlying criminal confinement, if such confinement took place. See 8 U.S.C. § 1231(a)(1)(B). Since Petitioner's removal is currently on appeal with the BIA, and no court's order staying the removal is in existence, Petitioner's detention squarely falls within the category of pre-removal-order detentions.

The Supreme Court has upheld mandatory pre-removal-order detention of criminal aliens under 8 U.S.C. §1226(c). See Demore v. Kim, 538 U.S. 510, 516-17 (2003). In so doing, the Court relied upon more than a century of precedent "recogniz[ing] detention during deportation proceedings as a constitutionally valid aspect of the deportation process." Id. at 523 (citations omitted). The Court also emphasized that pre-removal detention typically lasts

only a few months and, by definition, has a finite ending point, namely, the completion of the removal proceedings. See id. at 526-531. Thus, if this Court is to presume that Petitioner's removal is based on Petitioner's prior criminal offense, Petitioner's detention is lawful under the holding of Demore v. Kim, 538 U.S. 510.

Alternatively, even if this Court is to hypothesize that Petitioner is not a criminal alien (since Petitioner's Petition is silent as to whether or not Petitioner's removal is based on Petitioner's prior criminal offense), Petitioner's current detention is valid under 8 U.S.C. §1226(a). If one is adjudicated "non-criminal alien[], . . . the Attorney General retains discretion to decide whether [such alien] should be detained" while this alien is awaiting conclusion of his removal proceedings.[4] See Patel v. Zemski, 275 F.3d 299, 305 (3d Cir. 2001), overruled on other grounds, Demore v. Kim, 538 U.S. 510.

---

[4]

The fact that the immigration judge allowed Petitioner to post bail, and Petitioner complied, has no effect upon the discretionary power of the Attorney General to take Petitioner into custody. See Codina v. Chertoff, 2006 U.S. Dist. LEXIS 52289 (D.N.J. July 31, 2006) (analyzing the issue of bail in light of Demore v. Kim, 538 U.S. 510, with respect to an alien who, after entering the country, was neither charged as a criminal alien nor determined to be a lawful permanent resident); Mejia v. Ashcroft, 360 F. Supp.2d 647 (D.N.J. 2005) (analyzing the bond issue with respect to an alien who, after entering the country, was charged with lack of valid entry documents); cf. Zubeda v. Elwood, 265 F. Supp.2d 509 (E.D. Pa. 2003) (analyzing the bond issue with respect to an alien who had not entered the country, formally or otherwise).

Moreover, the discretionary power of the Attorney General has only one temporal limitation, namely, the conclusion of removal proceedings.   See id., accord Demore v. Kim, 538 U.S. 526-31. Since Petitioner challenges both the fact and the length of his detention, it appears that Petitioner: (1) ignores the fact that Petitioner's pre-removal-order period is protracted as a result of Petitioner's own choice to exercise his right to appeal to the BIA; and (2) fails to separate the issue of the Attorney General's discretionary power to detain him from that of the length of Petitioner's pre-removal-order detention.[5]   Finally, Petitioner's reference to the lack of "significant likelihood of [Petitioner's] removal in the reasonabl[y] foreseeable future," Pet. ¶ 20, indicates that Petitioner is relying on the tests inapplicable to Petitioner's circumstances, since that test applies only to *post-removal-order* detentions.   Since Petitioner's removal period did not begin to run and will start running only when and if the BIA denies Petitioner's appeal, the "likelihood of [Petitioner's]

---

[5]

These two issues are not related, and it would be indeed anomalous to create a scheme under which a person duly deemed subject to detention could still escape his detention by a mere filing of appeal with an appellate body burdened by a substantial docket.  Accord Agyeman v. INS Asst. Dist. Dir. Coachman, 2003 U.S. App. LEXIS 12806 (9th Cir. 2003) (finding a pre-removal-order detention of non-criminal alien valid where the alien's detention protracted *over six years* as a result of: (1) the alien's application for continuances so he could hire a lawyer; (2) the alien's request to present the evidence necessary to adjust his status; (3) the alien's appeal to the BIA; and (4) the court's reversal of the BIA decision and remand to the BIA).

removal in the reasonabl[y] foreseeable future," Pet. ¶ 20, is of
no relevance to this Court's analysis.

CONCLUSION

The Court concludes that Petitioner's current detention does
not violate of the laws of the United States and denies his
Petition a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241
without prejudice.

An appropriate Order accompanies this Opinion.


_____
PETER G. SHERIDAN
United States District Judge

Dated:    12:19.06